IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00694-BNB

ROBERT H. QUINN, III,

     Applicant,

v.

STEVE HARTLEY dba WARDEN,

     Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2009

GREGORY C. LANGHAM
                  CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Robert H. Quinn, III, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Quinn initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence in Boulder County District Court case number 05CR1553. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this habeas corpus action.

On April 20, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 26, 2009, after being granted an extension of time, Respondents filed their preliminary response. On June 3, 2009, Mr. Quinn filed a reply to the preliminary response.

The Court must construe liberally Mr. Quinn's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Quinn pleaded guilty in Boulder County District Court Case No. 05-cr-01553 to sexual exploitation of a child, a class-three felony. On April 28, 2006, the trial court sentenced Mr. Quinn to the custody of the DOC for a determinate term of eight years. Mr. Quinn did not appeal directly from the judgment of conviction.

On May 14, 2007, Mr. Quinn filed a postconviction motion pursuant to Colorado Rule Crim. P. 35(a) to strike the mandatory period of parole from his sentence. On May 21, 2007, the trial court denied the motion. Mr. Quinn did not appeal from the denial.

On August 30, 2007, Mr. Quinn filed documents listed in the register of actions as a "Notice of Administrative Remedy," "Affidavit of Truth," and "Affidavit of Inquiry." *See* preliminary response at app. A at 6. On September 14, 2007, the trial court denied these filings. Mr. Quinn did not appeal from the denial.

On September 26, 2007, Mr. Quinn filed a motion to dismiss counsel, which the trial court granted on November 16, 2007. On February 25, 2008, Mr. Quinn filed documents listed in the register of actions as "Paper Work Concerning Case." *Id.* The trial court characterized the documents as an untitled postconviction pleading, and on March 12, 2008, denied the motion as containing no cognizable claim for relief. *Id.*; *see also* preliminary response at app. C. Mr. Quinn did not appeal from the denial.

2

Instead, on March 31, 2008, he filed a document indicating that he had not submitted a motion for postconviction relief and asking the court to "strike any action" on the court's records showing a submission of a motion. *See* preliminary response at app. A at 6; app. D. On April 4, 2008, the trial court denied the request. *See* preliminary response at app. A at 6. Mr. Quinn did not appeal from the denial.

On October 1, 2008, Mr. Quinn signed a state petition for writ of habeas corpus in which he challenged his convictions because the state statutes under which he was convicted lacked an enacting clause. *See* preliminary response at app. E at 3, app. F at 22. The certificate of service indicates that the petition was mailed on November 1, 2008. *See* preliminary response at app. F at 23. However, the register of actions does not reflect that the petition was filed. *See* preliminary response at app. A at 6.

On December 11, 2008, Mr. Quinn filed a petition for an emergency show cause hearing. *See id.* On December 15, 2008, the trial court ordered the prosecution to respond, and on December 17, 2008, the prosecution filed a motion to deny Mr. Quinn's petition. *See id.* at 6-7; preliminary response at app. G. On December 22, 2008, the trial court denied Mr. Quinn's petition. *See* preliminary response at app. A at 7, app. H). Mr. Quinn did not appeal from the denial.

On February 26, 2009, Mr. Quinn filed petitions for leave to proceed *in forma pauperis* in a habeas corpus action, for a writ of habeas corpus, and for an emergency hearing as an original proceeding in the Colorado Supreme Court challenging the imposition of mandatory parole. *See* preliminary response at app. I, J, and K. On

March 3, 2009, the Colorado Supreme Court summarily denied these petitions. *See* preliminary response at app. L.

On March 18, 2009, the Court received the instant habeas corpus application, which was filed on March 30, 2009. Mr. Quinn signed the application on March 13, 2009, but failed to make the necessary certifications to comply with the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Price v. Philpot*, 420 F.3d 1158, 1165-67 (10th Cir. 2005). Mr. Quinn asserts two claims:

> 1.     that the Colorado Supreme Court "did knowingly, willingly and deliberately opress [sic] the free exercise/enjoyment of the privilege to the Writ of Habeas Corpus," and

> 2.     that he was denied due process under the 5th and 14th Amendments, in that his state petitions for emergency hearing and for habeas corpus were summarily denied without a hearing.

Application at 7.

Mr. Quinn ostensibly asserts his claims pursuant to 28 U.S.C. § 2241. However, as relief he specifically asks to be released from prison and his claims challenge the postconviction proceedings in his criminal case. As a threshold matter, this Court must determine whether Mr. Quinn's claims properly are raised pursuant to § 2241, or whether they should be recharacterized as claims pursuant to 28 U.S.C. § 2254. "Section § [sic] 2241 is a vehicle for challenging pretrial detention, or for attacking the execution of a sentence." *Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (citations omitted). "A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Id.* (citation omitted).

4

Mr. Quinn is not in pretrial detention.  His claims, when read in conjunction with his request for relief and the fact that they challenge the postconviction proceedings in his criminal case, attack his conviction and sentence, not the execution of his sentence. As a result, Mr. Quinn's claims are cognizable only under 28 U.S.C. § 2254, and his application is subject to recharacterization.  Recharacterizing Mr. Quinn's claims involves potential consequences with regard to future § 2254 claims being regarded as successive.  *See Yellowbear*, 525 F.3d at 924.  However, because the application fails to raise a constitutional claim cognizable in habeas corpus, whether the application is considered under 28 U.S.C. § 2241 or § 2254, prior notification will not benefit Mr. Quinn.

Both of Mr. Quinn's claims challenge the manner in which the Colorado Supreme Court conducted his most recent postconviction proceeding.  Neither claim on its face attempts to raise any of the substantive claims raised in his state postconviction proceedings.  Therefore, Mr. Quinn's claims fail to invoke the jurisdiction of this Court, because they do not claim that he is in custody in violation of the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a).

In addition, there is no federal constitutional right to postconviction review in the state courts.  *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).  A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Seller v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that

applicant's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because Applicant, Robert H. Quinn, III, fails to raise a constitutional claim cognizable in habeas corpus.

DATED at Denver, Colorado, this 14 day of _____ July _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00694-BNB

Robert H. Quinn, III
Prisoner No. 131183
FCF - Unit LU 4
PO Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/15/09

                              GREGORY C. LANGHAM, CLERK

                      By: _____
                                    Deputy Clerk